UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-7588-CIV-DIMITROULEAS

ARAWAK AVIATION, INC. and
ZEBRA INVESTMENTS, L.C.

Plaintiff,

v.

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA,

Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## FINAL ORDER OF DISMISSAL

THIS CAUSE is before the Court upon Plaintiffs' Motion for Summary Judgment [DE 18], Defendant's Motion for Summary Judgment [DE 19], and Plaintiffs' Request for Oral Argument [DE 28]. The Court has carefully considered the motions and the file in this case, and is fully advised in the premises.

### I. BACKGROUND

Plaintiffs, Arawak Aviation Inc. (hereinafter "Arawak") and Zebra Investments L.C., (hereinafter "Zebra"), bring this action for declaratory relief against Defendant, Indemnity Insurance Company of North America. The parties have filed a Joint Statement of Stipulated Facts [DE 14], from which the Court gleans the relevant facts for this Order.

Defendant issued Arawak an Aircraft Insurance Policy for a 1969 British Aerospace BH-125-400A aircraft owned by Zebra, and operated by Arawak. Joint Statement of Stipulated Facts at ¶ 1. On February 24, 1998, the aircraft's pilot checked the engines and oil level during pre-flight inspection, but neglected to secure the cap firmly on the oil cap housing. Id. at ¶ 4. After



the aircraft was in flight the crew noticed a low oil pressure indication for the engine in question and shut the engine down in accordance with the flight manual. Id.

On the ground, the crew opened the engine cowling and found the oil cap lying in the lower cowling. Id. As a result, the engine lost 4.5 quarts of oil which caused the engine to sustain a period of excessive heat and extensively damaged the engine. Id. On February 25, 1998, Arawak made claim upon Defendant under the subject policy. Id. at ¶ 5. Defendant denied coverage because the damage to the engine was not covered under two specific provisions of the policy, the "wear and tear" paragraph under "Losses not covered" (See Policy, page 2 of 16) and the "wear and tear to engines" paragraph (See Corporate Aviation Extended Coverage Amendment to the Policy, pages 1 and 2 of 4). Id. at ¶ 7.

Plaintiff filed a Motion for Summary Judgment alleging that the Florida Supreme Court would apply the proximate/efficient causation doctrine to Defendant's policy to find the "wear and tear" exclusions inapplicable where antecedent pilot negligence set in motion the chain of events leading to Plaintiff's losses. Defendant also filed a Motion for Summary Judgment alleging Florida Courts have rejected Plaintiff's reasoning and therefore, there is no reason to ignore the plain language of the policy.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317,

2

323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty lobby, Inc., 477 U.S. 242, 255 (1986), and any doubt in this regard should be resolved against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the responsibility of informing the district court of the basis for its motions, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed.R.Civ.P 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P.56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darvy, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party is "merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

3

## B. Florida Law

Exclusionary provisions in an insurance contract which are ambiguous or otherwise susceptible to more than one meaning must be construed in favor of the insured, since it is the insurer who usually drafts the policy. See Excelsior Insurance Co. v. Pomona Park & Package Store, 369 So. 2d 938, 943 (Fla. 1979). However, since rules of construction are only applied where there is doubt or ambiguity, plain language requires no such construction. National Indemnity Co. v. Corbo, 248 So.2d 238, 241 (Fla. 3rd DCA 1971). The policy provisions in this case are not ambiguous. It clearly excludes "damage caused by heat that results from the operation, attempted operation or shutdown of the engine" and "damage that is caused by and confined to freezing, mechanical failure, or structural or electrical failure." The question in the case at bar is not what the exclusionary clause in the contract means, but whether Florida courts would apply the "proximate/efficient causation" doctrine.

Absent a decision by the highest court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate court in applying the relevant state law. Galindo v. ARI Mutual Ins. Co., 203 F.3d 771, 775 (11th Cir. 2000)(citing Insurance Co. of N.A. v. Lexow, 937 F.2d 569,571 (11th Cir. 1991)).[1] Under similar facts to the instant case, the Florida District Court of Appeal in Little Judy Industries, Inc. v. Federal Insurance Co., 280 So.2d 14, 15 (Fla. 3rd DCA 1973), cert. denied, 284 So.2d 220 (Fla. 1973), held that the fact that the mechanical "failure thereof was traceable to negligence in its repair or to improper repair or assembly of the engine did not make it other than a mechanical failure." In

---

[1] Florida law also provides that absent Florida Supreme Court authority to the contrary, the law in Florida is to follow the intermediate appellate courts. Stanfill v. State, 384 So.2d 141 (Fla. 1980); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976).

4

the case at bar, the damage to the engine, as stipulated by both parties, occurred when the "engine sustained a period of excessive heat which damaged and/or caused the damage to the engine component." Stipulated Facts at ¶ 6. Therefore, as in Little Judy, the damage to the engine was a mechanical failure not covered under either of the two specific provision mentioned earlier.

Plaintiff tries to distinguish Little Judy by arguing that Little Judy does not reject the application of the proximate/efficient causation because it failed to discuss the doctrine. Little Judy, however, did reject the proximate/efficient causation doctrine by stating:

> In a great many, if not most instances the mechanical failure of an engine could be attributed to some act of commission by improper or negligent work thereon as occurred here, or to negligent omission to inspect and repair or replace parts where needed, or other neglect in the care of the machine. The exclusionary provision was properly held to be applicable in this instance. See Fireman's Fund Insurance Company v. Cramer, 178 So.2d 581 (Fla.1965).

Little Judy, 280 So.2d at 15.

Plaintiff also argues that the mechanic in Little Judy was repairing components that were already broken or deteriorated prior to the mechanic's negligence. This analysis requires Plaintiff to make the assumption that damage to the engine would have occurred without the mechanic's negligence and this assumption cannot be supported by reference to the Little Judy opinion. Plaintiff further argues that several other jurisdictions now use the proximate/efficient causation doctrine and therefore the Florida Supreme Court would adopt the doctrine if Little Judy were decided today. However, even if Florida is the only state not to use the proximate/efficient causation doctrine,[2] it is the law in Florida today, as stated in Little Judy, and

---

[2] Apparently, the Little Judy decision represents the minority view on this issue. Associated Aviation Underwriters v. George Koch Sons, Inc., 712 N.E.2d 1071, 1076 n.3 (Ind. App. 1999).

5

this Court is bound to follow that decision.

Finally, Plaintiff argues that a 1965 Florida Supreme Court opinion did follow, in passing, the proximate/efficient causation doctrine. In Fireman's Fund Ins. Co. v. Cramer, the Court stated:

> The 'comprehensive coverage' of the policy clearly covers losses occasioned by fire, but there was no loss by fire; the loss appears to have been caused by 'mechanical or electrical breakdown' and to have been confined thereto. If heat caused by the mechanical breakdown of the engine had resulted in damage by fire to other parts of the automobile, such fire damage would doubtless be within the comprehensive coverage.

Fireman's Fund Ins. Co. v. Cramer, 178 So.2d 581, 582-83 (Fla. 1965).

The Cramer case did not specifically discuss the doctrine Plaintiff seeks to impute to it. In addition, Cramer did not involve negligence of any sort. Rather, Cramer had to decide whether fire or mechanical breakdown caused the engine damage, under a contract wherein fire damage was covered but mechanical breakdown was not covered. The dicta sentence quoted above in Cramer beginning with "if" indicates that if the efficient cause was the non-covered mechanical breakdown, but the actual cause was the covered fire, then the damage would be covered. However, in the case at bar, as in Little Judy, we have the actual cause as heat, a non-covered cause, with the efficient cause being negligence, a covered cause. Thus, Cramer is clearly distinguishable on its legal conclusion, as well as its factual basis.[3]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiffs' Request for Oral Argument [DE 28] is hereby **DENIED**;

---

[3] The Court also notes that since the Florida Supreme Court denied certiorari when Little Judy came up for review, this Court will not use dicta in Cramer to reach a decision contrary to the Little Judy opinion.

6

2. Plaintiff's Motion for Summary Judgment [DE 18] is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment [DE 19] is hereby **GRANTED;**

4. Summary Judgment is hereby entered on behalf of Defendant, Indemnity Insurance Company of North America, and against Plaintiffs Arawak Aviation Inc. and Zebra Investments L.C., and Plaintiffs shall take nothing from this action;

5. Any other pending motions are hereby denied as moot;

6. The clerk shall close this case.

**DONE AND ORDERED** in chambers at Ft. Lauderdale, Broward County, Florida, this _____ day of August, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Bruce R. Marx, Esq.
Robert Parks, Esq.
William V. Dalferes, Esq.

7